UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GABRIELLE COHEN-SANCHEZ,** <br><br>           Petitioner, <br>     v. <br><br> **UNITED STATES OF AMERICA, by its agency, the Drug Enforcement Administration,** <br><br>           Respondent. | Civ. No. 11-6578 <br><br> OPINION <br><br> HON. WILLIAM J. MARTINI |

**WILLIAM J. MARTINI, U.S.D.J.:**

   This matter comes before the Court on *pro se* Petitioner Gabrielle Cohen-Sanchez's motion[1] for the return of administratively forfeited property pursuant to 18 U.S.C. § 983(e).[2]  The Government opposes the motion and cross-moves for dismissal of the action.  Cohen-Sanchez has also filed applications to proceed *in forma pauperis* ("IFP") and for the appointment of *pro bono* counsel.  For the reasons set forth in this Opinion, the Court will **GRANT** Petitioner's IFP application, **DENY** Petitioner's motion for the return of forfeited property, **GRANT** the Government's cross-motion to dismiss, and **DENY** Petitioner's *pro bono* application as moot.

---

[1] This is also the initiating document in this matter.
[2] Petitioner's motion also indicates that, in the alternative, she moves under Fed. R. Crim. P. 41(g).  However, relief under that Rule is inapplicable in the present matter.

I.      FACTUAL AND PROCEDURAL BACKGROUND[3]

Petitioner is presently serving a 66-month sentence for her role in a conspiracy to distribute cocaine.[4] The following events bear on the present motions.

On August 10, 2008, Petitioner and her husband were arrested by Drug Enforcement Administration ("DEA") agents at their New Jersey residence. In the course of that arrest, DEA agents seized 71 items of jewelry[5] belonging to Cohen-Sanchez and her husband[6] for forfeiture to the Government, as property acquired with drug trafficking proceeds. 21 U.S.C. § 881.

In September 2008, Cohen-Sanchez signed for and received a letter by certified mail from the DEA entitled "Notice of Seizure," which informed her that the DEA had begun the civil administrative process through which the jewelry would be forfeited to the Government. (Pet'r's Mot., ¶ 4, ECF. No. 1; Declar. of John Hieronymus, Exs. 1, 2, ECF No. 6.) The letter listed the items of seized jewelry that were to be forfeited and explained that Cohen-Sanchez could contest the administrative forfeiture by filing: (1) a Claim, and/or (2) a Petition for Mitigation and/or Remission ("Petition"). The letter also

---

[3] The facts are taken from the narrative set forth in Petitioner's motion for the return of property, as supplemented through the undisputedly authentic documents supplied by the Government in support of its motion to dismiss. *See International Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 (3d Cir.1982); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000) (courts may "consult materials outside the pleadings" when there is a factual attack on jurisdiction); *see also Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007) (in considering a 12(b)(6) motion to dismiss, courts may rely on the motion to dismiss, attached exhibits, and matters of public record); *and Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir.1993) (courts may consider undisputedly authentic documents attached as exhibits to a motion to dismiss when plaintiff's claims are based on those documents). These document show additional steps taken by the Government to keep Petitioner informed and involved in the civil administrative forfeiture action.
[4] On March 9, 2011, Cohen-Sanchez pled guilty to a one-count superseding indictment in the Southern District of New York.
[5] The agents also seized $7,900 in cash. Petitioner, however, has not moved for return of that property.
[6] Cohen-Sanchez fails to distinguish which items were hers, her husband's, or their shared property. For purposes of clarity, hereinafter, the Court will refer to the jewelry as being the property of Cohen-Sanchez only.

explained the process for filing those documents. (Hieronymus Decl., Ex. 1.) Seperately, the DEA published notice that Cohen-Sanchez's property was seized for administrative forfeiture in the Wall Street Journal on October 13, 20, and 27, 2008. (*Id*. at Ex. 11.)

In response to the DEA's Notice of Forfeiture, on October 31, 2008, Cohen-Sanchez – through her attorney – sent the DEA a self-prepared document which she captioned "Petition for Remission or Mitigation" in which she explained that she wished "to assert a claim to the seized property and request remission or mitigation of forfeiture." (Pet'r's Mot. 11; Hieronymus Decl., Ex. 15.) Cohen-Sanchez did not request a transfer of the forfeiture action to a judicial forum in her responsive document. In the cover letter sent with Cohen-Sanchez's response, her attorney characterized the document as a "Petition for Remission or Mitigation signed by [Petitioner]." (*Id.*)

On November 21, 2008, a letter from the DEA confirming receipt and acceptance of Cohen-Sanchez's "Petition for Remission and/or Mitigation of Forfeiture" was delivered to the office of Cohen-Sanchez's attorney.[7] (Hieronymus Decl., Ex. 19.) The letter informed Cohen-Sanchez that her "Petition for Remission and/or Mitigation of forfeiture" was received by the DEA and would be ruled on administratively. (Pet'r's Mot. 19; Hieronymus Decl., Ex. 18.)

On December 10, 2008, the DEA issued a Declaration of Forfeiture, at which point the property was formally forfeited to the Government. 18 U.S.C. § 1609. The

---

[7] This letter superseded a prior letter from the DEA, dated November 10, 2008, which indicated that the "Petition for Remission or Mitigation of forfeiture" was not properly executed. Cohen-Sanchez unquestionably received copies of these letters, as copies of both were attached to her motion.

3

DEA issued the Declaration after determining through administrative proceedings that: (1) notice of the seizure was properly sent to all parties with a possessory interest in the jewelry, (2) notice was correctly published in a newspaper of general circulation, (3) that no party filed a Claim for the property, and, (4) there was sufficient information to support the forfeiture of the jewelry. (Hieronymus Decl., Ex. 20.)

Thereafter, on January 28, 2009, the DEA denied Cohen-Sanchez's "Petition for Remission or Mitigation." A letter from the DEA informing Cohen-Sanchez of the denial of her Petition was delivered to the office of Cohen-Sanchez's attorney on February 9, 2009. (Hieronymus Decl., Ex. 22.) The letter stated the DEA's basis for its denial of the Petition and stated that Cohen-Sanchez could request reconsideration of the decision. (*Id*. at Ex. 21.)

Cohen-Sanchez did not request reconsideration of the decision or make any other objections to the DEA's findings, and on June 16, 2011, the forfeited jewelry was sold for $146,000 at auction. (Declar. of Barbara A. Ward, ¶ 6, ECF No. 5.) On November 20, 2011, Petitioner filed the instant motion for return of property, which she seeks to file *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based on her affidavit of poverty, the Court will grant the application to proceed IFP, and will now turn to the merits of the parties' motions.

## II.   DISCUSSION

### A.   The Statutes Governing Administrative Forfeiture of Petitioner's Property

There are three separate statutes which apply to the administrative forfeiture of Petitioner's property: (1) 21 U.S.C. § 881, which allows the Government to seize and forfeit property purchased with proceeds from drug trafficking; (2) the general civil forfeiture provisions of 19 U.S.C. § 1602, *et seq.*; and, (3) the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983, which supplements the general forfeiture rules set forth 19 U.S.C. § 1602, *et seq.* and provides the exclusive basis for a district court to set aside an administrative forfeiture.

### a. The Interplay of The Forfeiture Statutes

Prior to administrative forfeiture[8] of seized property, the Government is required to provide notice of the seizure and administrative action. Specifically, the Government must publish notice of its intent to forfeit the property in a newspaper of general circulation once a week for three weeks and send written notice to any party known to have an interest in the property. 19 U.S.C. § 1607; 18 U.S.C. § 983. This satisfies statutory requirements and due process concerns. *See*, *e.g.*, *Sterling v. United States*, 749 F.Supp. 1202, 1210 (E.D.N.Y. 1990).

An interested party may respond to notice of the administrative forfeiture action by: (1) filing a Claim; and/or (2) filing a Petition. The interested party cannot, however, use the same document to file both a Claim and a Petition. *See, e.g., Malladi Drugs &*

---

[8] Petitioner's seized jewelry was valued below $500,000.00, making an administrative procedure the proper means for forfeiture of Cohen-Sanchez's property. 19 U.S.C. § 1610. In the Third Circuit, that amount is calculated per item, not in the aggregate. *Yskamp v. DEA*, 163 F.3d 767, 771 n. 4 (3d Cir. 1998).

*Pharms., Ltd. v. Tandy*, 538 F.Supp.2d 162 (D.D.C. 2008), *aff'd on other grounds*, 552 F.3d 885 (D. D.C. 2009).

There is an important distinction between a Claim and a Petition.  A Claim challenges the validity of the seizure.  Thus, when a Claim is filed, the administrative process must be converted into a judicial action in district court.[9]  On the other hand, by filing a Petition, the petitioner admits the validity of the seizure but requests relief due to mitigating circumstances.  Thus, when a Petition is filed, administrative forfeiture proceedings continue.  *Schrob v. Catterson*, 948 F.2d 1402, 1420 (3d Cir. 1991).  Thus, unless a Claim is filed, the property will be administratively forfeited, and will only be returned if a Petition is subsequently granted.  19 U.S.C. § 1609, 1618.

Once the seized property is administratively forfeited, the district court is divested of jurisdiction to review the merits of the forfeiture action.  19 U.S.C. §§ 1608, 1609; *United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir.1992); *2000 Toyota Tundra Pickup Truck Asset ID No. 07-DEA-486182 v. United States*, 2008 WL 2078835, at *4 (E.D. Pa. May 14, 2008).  However, a district court retains limited jurisdiction to review whether an interested party received adequate notice of the administrative proceedings.  *United States v. McGlory*, 202 F.3d 664, 670 (3d Cir. 2000).  CAFRA codifies the limited scope of judicial review and provides the exclusive basis for a district court to set aside an administrative forfeiture.

---

[9]  Specifically, the DEA must turn the matter over to the U.S. Attorney to commence a judicial forfeiture proceeding within 90 days of the filing of a claim.  Otherwise, the Government must return the property.  19 U.S.C. § 1608; 18 U.S.C. § 983(a)(3).

*United States v. Triplett*, 240 Fed. App'x 736, 736-37 (8th Cir. 2007). Specifically, § 983(e)(1) provides that:

> Any person entitled to [but who did not receive] written notice in any nonjudicial civil forfeiture proceeding . . . may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted [only] if-
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

In short, when no Claim is filed by an interested party, the district court is divested of jurisdiction to review the merits of or to set aside a completed administrative forfeiture action, unless a claimant can show they are entitled to relief under § 983(e)(1). *McKinney v. DEA*, 580 F.Supp.2d 1, 3-4 (D. D.C. 2008).

### B. Standard of Review

The Government has not specified whether it seeks dismissal of Cohen-Sanchez's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). [10] Under Rule 12(b)(1), the Court may dismiss this action if it lacks subject matter jurisdiction. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 (3d Cir. 2011). Under Rule 12(b)(6), the Court may dismiss this action if Cohen-Sanchez's pleadings fail to state a claim upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[10] Courts have decided similar cases under both Rules, as well as under Fed. R. Civ. P. 56. *See, e.g., Pert v. United States*, 2011 WL 1792767 (D. Nev. May 11, 2011); *Upshaw v. U.S. Customs Service*, 153 F.Supp.2d 46, 52 (D. Mass. 2001).

544, 570 (2007). The distinction between the two standards is of limited significance in this matter because regardless of which Rule the Court relies on, when accepting all facts alleged by Petitioner as true and in the light most favorable to Petitioner, it is clear that Cohen-Sanchez received proper notice of the administrative forfeiture action and the Court therefore does not have jurisdiction to consider the remainder of Petitioner's claims. *Upshaw v. U.S. Customs Service*, 153 F.Supp.2d 46, 49 (D. Mass. 2001) (noting that "the determination as to whether the dispute is better resulted under 12(b)(1) [or] 12(b)(6) . . . turns out to be largely academic.")

    C.    **LEGAL ANALYSIS**

Cohen-Sanchez advances a number of arguments for the return of her forfeited jewelry based on procedural deficiencies in the administrative process. However, as explained above, CAFRA greatly limits the scope of judicial review of a completed civil administrative forfeiture proceeding. The Court's analysis of Cohen-Sanchez's arguments will proceed in accordance with these limitations.

    a.    **Cohen-Sanchez Alleges that the Administrative Forfeiture is Void for Improper Notice**

Petitioner asserts that notice of the administrative forfeiture was procedurally improper and the forfeiture is thus void. This argument fails. First, Petitioner received notice of the DEA's seizure and intent to forfeit at her home by certified mail, which she signed for. Second, notice of the forfeiture was published in the Wall Street Journal on three separate occasions. Thus, the notice was constitutionally adequate and complied

with statutory requirements of CAFRA and the general forfeiture provisions set forth in 19 U.S.C. § 1602, *et seq*.  *See United States v. Bethea*, 317 Fed.App'x 182, 184 (3d Cir. 2009) (affirming district court's determination that notice was proper based on identical facts with identical evidentiary support); *see also United States v. One Toshiba Color Television*, 213 F.3d 147, 155 (3d Cir. 2000) ("if there is a signed receipt from the served party, the government does not then have to prove anything about the [adequacy of the notice] procedures that were in place"); *Upshaw*, 153 F.Supp.2d at 51 (same).

      **b.**      **Cohen-Sanchez Asserts that the DEA Ceded Its Possessory Interest When it Failed to Properly Respond to Her October 31, 2008 "Claim"**

Cohen-Sanchez also argues that her property should be returned because her October 31, 2008 filing was actually a Claim; not a Petition.  She argues that because she filed a Claim, the DEA was required to transfer the administrative action to a judicial forum, and because the DEA never transferred the matter, it must now return the property to Cohen-Sanchez.[11]  The Court disagrees.

Based on the materials submitted by Petitioner and the Government, it is clear that Cohen-Sanchez never filed a Claim, she filed a Petition.  First, the text of Cohen-Sanchez's October 31, 2009 responsive filing to the DEA indicates that she filed a Petition.  In that filing, Petitioner prepared and signed a document entitled "Petition for Remission or Mitigation."  In the cover letter forwarding the document, Cohen-Sanchez's

---

[11] Under the limited scope of judicial review available pursuant to CAFRA, it appears that the Court is without jurisdiction to even consider this argument.  Nonetheless, after reviewing similar cases, and in an abundance of caution, the Court will discuss why this argument fails on the merits.

counsel also described the document as a "Petition for Remission or Mitigation." (Compl. 11, ECF No. 1.)  Moreover, Cohen-Sanchez's letter does not request judicial review, nor does it seek transfer to a United States District Court.  In light of these considerations, the fact that she ambiguously explained that the "purpose of [her responsive filing was] to assert a claim to the seized property and request remission or mitigation of forfeiture" is of limited significance, particularly because she cannot use one document to file both a Claim and a Petition.  *Malladi Drugs & Pharms*, 538 F.Supp.2d 169-70 (D. D.C. 2008).

Second, Cohen-Sanchez received ample notice that the DEA was construing her filing as a "Petition for Remission and/or Mitigation."  For example, the DEA's November 14, 2008 letter informed Cohen-Sanchez that it received and accepted her "Petition for Remission and/or Mitigation."  Similarly, the DEA's January 28, 2009 letter informed Cohen-Sanchez that it denied her "Petition for Remission and/or Mitigation."  However, despite numerous and unequivocal indications from the DEA that it was treating Cohen-Sanchez's filing as a Petition, at no point prior to, or during the administrative action did Cohen-Sanchez indicate that she had in fact filed a Claim which the DEA misconstrued as a Petition.

In sum, and notwithstanding her present assertions to the contrary, Cohen-Sanchez – who was represented by counsel when she filed her response to the DEA's Notice of Seizure – filed a Petition, not a Claim.  *See Martin v. Leonhart*, 717 F.Supp.2d 92, 98 (D. D.C. 2010) and *Pert v. United States*, 2011 WL 1792767, at *4 (D. Nev. May 11, 2011) (refusing to countenance petitioners' *post hoc* attempts to recast their administrative

Petitions as Claims on nearly identical facts). *See also Malladi Drugs & Pharms., Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C. Cir. 2009) ( "Malladi elected to forego the legal remedy it seeks here when it chose the discretionary administrative remedy and allowed the time for filing a claim under the administrative scheme to pass. Having waived its opportunity for judicial forfeiture proceedings during the administrative process, Malladi may not now attempt to correct its choice of remedy in federal court.")

      **c.**    **The Court Lacks Subject Matter Jurisdiction to Consider the Remainder of Cohen-Sanchez's Challenges to the Propriety of the Administrative Proceedings**

Cohen-Sanchez also presents a number of other reasons for why her property should be returned due to alleged deficiencies in the administrative forfeiture proceedings. However, as Cohen-Sanchez waived her right to seek relief in a judicial forfeiture action by proceeding with administrative review by the DEA, this Court lacks jurisdiction to review the merits of those claims. *McKinney*, 580 F.Supp.2d at 3-4; *Aquasviva v. DEA*, No. 02-3076, 2004 WL 1900341, at *4, 2004 U.S. Dist. LEXIS 16876, at *11 (S.D.N.Y. Aug. 24, 2004).

      **d.**    **Cohen-Sanchez is Not Entitled to an Evidentiary Hearing**

Finally, Cohen-Sanchez's demand for an evidentiary hearing must also fail as there are no facts in dispute in this case. *United States v. Young*, 421 Fed. App'x 229, 231 (3d Cir. 2011) (citations omitted) (no evidentiary hearing required in petitioner's motion for the return of property because "[a] District Court is not required to conduct an evidentiary hearing for every motion to return property. Where the parties submit

11

documentary evidence, as was the case here, and there are no disputed facts the District Court need not conduct a hearing.")

## III. CONCLUSION

For the reasons set forth in this Opinion, when construing all facts in the light most favorable to Petitioner, the Court finds that she received notice of and participated in the DEA's administrative forfeiture action by filing a Petition.  Therefore, she is not entitled to relief under CAFRA.  Moreover, and despite her present claims to the contrary, at no point in the administrative process did Cohen-Sanchez attempt to transfer this matter to a judicial forum by filing a Claim.  The Court will therefore dismiss the matter, with prejudice.  In light of the foregoing, Petitioner's application for *pro bono* counsel is denied as moot.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 5, 2012**

12